IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.R. HORTON-CROWN, LLC, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION FILE |
| v. : | |
| : | NO.: 1:16-CV-01318-RWS |
| FULTON COUNTY, GEORGIA, : | |
| : | |
| Defendant. : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW D.R. Horton-Crown, LLC, Plaintiff in the above-styled action, by and through undersigned counsel and files this Plaintiff's Response to Defendant's Motion to Dismiss.

Plaintiff intends for this to be a preliminary response. The parties agreed to an extension of time for Plaintiff to respond through and including May 24, 2016. The parties filed a joint stipulation on May 13, 2016. However, Plaintiff's counsel later learned that the Hon. Richard W. Story was not in the office on May 12-13, 2016, and would not be available to grant the extension. Plaintiff is still requesting an extension, but is filing this brief out of an abundance to caution to ensure that the Court knows that the Motion to Dismiss is opposed. The reasons for Plaintiff's request for an extension is discussed in the stipulation.

## STATEMENT OF FACTS

As discussed in Defendant's Brief in Support of its Motions to Dismiss, the Court takes all allegations made by the Plaintiff as true for purposes of considering the Motion. Accordingly, the facts are as follows. D.R. Horton-Crown purchased certain lots in a subdivision known as Stoneridge Subdivision, located in South Fulton County. D.R. Horton-Crown was not the developer of the subdivision, but a homebuilder who bought certain developed lots within the subdivision. (Complaint, ¶ 6). At no time was D.R. Horton-Crown a developer at the Stoneridge Subdivision. (Id. at ¶ 7). D.R. Horton-Crown did not design or build the storm water management ponds located in the subdivision and had no responsibility for the ponds. (Id. at ¶ 8). The ponds were the responsibility of either the developer or Fulton County. (Id. at ¶ 9). Nevertheless, on August 14, 2015, Fulton County, through Randy Beck, Director of the Department of Planning and Community Services, requested D.R. Horton-Crown to undertake certain work on storm water management ponds numbers 2 and 3 of the Stoneridge Subdivision in unincorporated Fulton County and conditioned the approval of building permits for houses within the Stoneridge Subdivision on lots owned by D.R. Horton-Crown when work was completed. (Id. at ¶ 10).

Even though agents of Fulton County had previously admitted that the storm water management ponds number 2 and 3 operated as originally approved and

permitted by the County, Fulton County sought to amend the approved storm water management designs for the ponds. (Id. at ¶ 11). On August 18, 2015, D.R. Horton-Crown responded by saying it had no responsibility for the ponds. The soil and erosion control permits D.R. Horton-Crown applied for had no impact on storm water management ponds 2 and 3, and the withholding of the permits was unlawful. (Id. at ¶ 12). Even though D.R. Horton-Crown was not required to do so, it agreed to work on the storm water management ponds numbers 2 and 3 for Fulton County at Stoneridge Subdivision without waiving any rights it may have to seek damages and under protest. (Id. at ¶ 13). On August 20, 2015, solely because D.R. Horton-Crown needed to begin building lots within Stoneridge Subdivision to avoid suffering significant economic damages and because time was of the essence for the project, D.R. Horton-Crown replied to Fulton County that it would agree to perform the scope of work outlined in the August 14th letter under protest. D.R. Horton also reasserted that the withholding of permits was unlawful and that it did not waive any rights to seek redress against Fulton County. (Id. at ¶ 15). D.R. Horton-Crown notched the dike of Pond #3 with a 3 foot wide and 4 foot deep "V" notch, removed the dike/berm from Pond #2, replaced and refreshed rip rap, removed two (2) feet of sediment within ten (10) feet around the outlet control structure, as well as re-vegetating and re-stabilizing the area as necessary at the cost of $23,199.69. (Id. at ¶ 15).

Plaintiff is seeking to recoup the money expended based on Fulton County's extortion of Plaintiff and is also alleging that the denial of the building permit is arbitrary, illegal, and that Plaintiff had a clear entitlement to the permit. Plaintiff filed suit under 42 U.S.C. §§ 1983 and 1988. The Prayer for Relief erroneously refers to claims for breach of contract and promissory estoppel, but that is merely a scrivener's error. Plaintiff has not pled those claims and is only seeking recoup for the unlawful deprivation of money and work from Plaintiff by Fulton County.

## ARGUMENT AND CITATION TO AUTHORITY

Defendant has also failed to satisfy its burden to merit dismissal of any of Plaintiff's claims. Defendant has not shown that Plaintiffs would not be entitled to relief under 42 U.S.C. § 1983 under any state of provable facts within the framework of the complaint. As such, Plaintiff's claims against Fulton County should not be dismissed as a matter of law especially before Plaintiffs have had any ability whatsoever to conduct discovery.

**I.  PLAINTIFF HAS PROPERLY STATED A CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**

Fulton County's actions in causing Plaintiffs to pay for the work on the storm water were not responsible deprived Plaintiffs of their property without due process of law guaranteed by the U.S. Constitution. Sovereign immunity does not apply to protect a county from liability under 42 U.S.C. § 1983. Monell v. Dep't

of Soc. Services, 436 U.S. 658 (1978); McDaniel v. Yearwood, 2012 U.S. Dist. LEXIS 19667 (N.D.Ga. 2012)(holding counties are "persons" subject to liability under 42 U.S.C. § 1983 and Monell, 436 U.S. 658);  See also Howlett v. Rose, 496 U.S. 356 (1990).

Congress enacted 42 U.S.C. § 1983 to provide a cause of action for any U.S. citizen deprived of their Federal Constitutional rights by any person acting under color of law.  The U.S. Constitution protects all citizens from a deprivation of life, liberty, or property without due process of law.  U.S. CONST., Amend. XIV.  As stated in McKinney v. Pate, 20 F.3d 1550 (1994),

> The Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, provides "nor shall any state deprive any persons of life, liberty, **or property**, without due process of law."  The court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection, procedural due process and substantive due process.  A violation of either of these kinds of protection may form the basis for a suit under 42 U.S.C.S. § 1983.

(emphasis supplied).

Fulton County's actions, through its officials, in forcing Plaintiff to expend money to fix work it did not perform, was not required to perform, and which was performed to the specifications of Fulton County violated substantive and procedural due process rights guaranteed by the Eleventh and Fourteenth Amendments.  Plaintiff certainly has a legally protected property interest in the

money that Fulton County caused them to spend by extorting them by unlawfully withholding building permits. Fulton County's actions are illegal and unauthorized and also violate the Equal Protection Clause in that other builders in the subdivision and elsewhere have not had permits withheld on this basis. No ordinance, resolution or other legal authority exists to justify shifting the burden of fixing an approved storm water management pond built by the developer and approved by the County to anyone else.

Fulton County cannot reasonably argue that the costs of the work performed in Stoneridge subdivision was a gratuitous undertaking by Plaintiff, and cannot point to any legal process justifying the County placing the financial burden for the work on Plaintiff. By refusing to repay Plaintiffs for the storm water management pond work, Fulton County has deprived Plaintiffs of their property under color of law, violating 42 U.S.C. § 1983, and entitling Plaintiffs to seek relief from this Court.

Additionally, Fulton County spends significant time in its Brief arguing that the property deprived is the building permits, but this is partially inaccurate. The property deprived is both the withheld permit and the cost of the work that Fulton County illegal pressed Plaintiff into performing by its arbitrary and capricious withholding of such permit.

## II. THE CASES CITED BY DEFENDANT DO NOT SUPPORT ITS POSITION THAT "THIS CIRCUIT DOES NOT PERMIT A SUBSTANTIVE DUE PROCESS CLAIM BASED ON THE WITHHOLDING, OR DENIAL, OF A STATE-GRANTED PROPERTY RIGHT IN A PERMIT"

To the extent that the subject of the § 1983 claim is the building permit, the Plaintiff can prove a set of facts that would allow a § 1983 claim for Defendant's failure to grant a building permit when all requirements have been met and the Defendant illegal withholds the permit by extorting work from the homebuilder. Plaintiff cites to a number of cases it claims stands for the proposition that The Eleventh Circuit does not permit a property right for the withholding of permits on any basis. This is simply not what the cases say.

Defendant first cites to McKinney v. Pate, 20 F.3d 1550 (1994). This is an odd case in that it does not speak of permits in any sense. The substantive dues process claimed in that case involves the termination of employment. It does not support the point made immediately preceding it.

Defendant next cites to Greenbriar Village, LLC v. Mountain Brook City, 345 F.3d 1258 (11th Cir. 2003). In discussing whether or not the developer of property had a substantive due process right to a permit, the Court cited to Natale

v. Town of Ridgefield, 170 F.3d 258, 263 (2nd Cir. 1999) in footnote 6, which held:

> Before a plaintiff seeks to prove that state official's denial of a permit deprived him of a property right in the permit in violation of the standards of substantive due process. . . he must first establish that he has a federally protectable property right in the permit. This requires a demonstration that at the time of the municipality's alleged due process violation, he had a clear entitlement to the permit under" the law.

(Id. at 263). The Court further held that the "determining factor in such cases may be whether the permit-issuing government authority lacks discretion to deny the permit on which the plaintiff bases his property right. Greebriar, at 1266. There is certainly a provable set of facts under which Plaintiff could make such a showing. The Fulton County Code of Ordinances Sec. 106-3 provides that it "shall likewise be the duty of the director of department of inspections and permits **to issue permits for the erection of buildings, in accordance with the building code.**" (emphasis supplied). Defendant has not and cannot show any requirement in the building code that the Plaintiff must perform any and all work at whatever cost (here more than $23,000) that the County asks prior to granting the building permit. Plaintiff complied with the provisions of the building code, but the building permits were withheld unlawfully even under Fulton County's own Code of Ordinances as it relates to building permits.

Defendant also cites to <u>Lewis v. Brown</u>, 409 F.3d 1271 (11th Cir. 2005) for the same proposition as the previous two cases. That case includes the following quote: Where an individual's state-created rights are infringed by "legislative act", the substantive component of the Due Process Clause **generally protects him from arbitrary and irrational action by the government**." (<u>Id</u>. at 1273 (emphasis supplied)). The other case cited by Defendant also cites <u>Lewis</u> for this very quote. (See <u>Kenter v. City of Sanibel</u>, 750 F.3d 1274, 1279 (11th Cir. 2014)). Unlike the assertions to the contrary by the Defendant, both cases on point suggest that there are situations in which the denial of a permit premises a § 1983 claim. Accordingly, the case should not be dismissed under Rule 12(b)(6).

## CONCLUSION

Defendant has also failed its burden of showing that Plaintiffs would not be entitled to relief for the claims asserted under any state of provable facts. Nor has Defendant shown or even addressed any pleading failures relating to Plaintiff's § 1983 claim as it relates to the money and work performed, rather than the building permit, by Plaintiff with a metaphorical gun to its head. The cases cited by Plaintiff all state that if the Plaintiff either a) shows a clear entitlement to the building permit or b) shows that the decision was arbitrary and irrational, the Plaintiff can premise the denial of a building permit on § 1983. Defendant has failed to cite to any legal support for its action in premising building permits on

Plaintiff performing work done by the developer and approved by the County. As Defendant has failed to satisfy its burden of showing that Plaintiff's claims would be meritless under any set of provable facts, Plaintiff should be allowed to proceed to engage in discovery and Defendant's motion should be dismissed.

Respectfully submitted this _____ day of May, 2016.

**HECHT WALKER, P.C.**

___/s/ Joseph W. Cloud_____
Joseph W. Cloud
Georgia Bar No. 544816
Counsel for Plaintiff

Hecht Walker, P.C.
205 Corporate Center Dr., Suite B
Stockbridge, Georgia 30281
(404) 348-4881

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **D.R. HORTON-CROWN, LLC,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO.: 1:16-CV-01318-RWS |
| **FULTON COUNTY, GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |

# CERTIFICATE OF SERVICE

This is to certify that on this day, the undersigned filed a copy of same with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record, and served **Plaintiff's Response to Defendant's Motion to Dismiss** upon all parties through electronic filing and U.S. Mail to:

Jenise S. Smith
Office of the Fulton County Attorney
141 Pryor Street
Suite 4038
Atlanta, GA 30303

*[Signature on Following Page]*

This \_\_\_\_\_ day of May, 2016.

                                                      **HECHT WALKER, P.C.**

                                                   */s/ Joseph W. Cloud*
                                                   Joseph W. Cloud
                                                   Georgia Bar No. 544816
                                                 Counsel for Plaintiff

Hecht Walker, P.C.
205 Corporate Center Dr., Suite B
Stockbridge, Georgia 30281
(404) 348-4881